UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE and VALERIE STEPHEN, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) No. 4:25-cv-00385-JSD ) |
| WEINGART CARE FIRST VILLAGE, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented Plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Upon consideration of the financial information provided with the motion, the Court finds that Plaintiff is unable to pay any portion of the filing fee. As a result, Plaintiff's motion will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this case will be dismissed for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### Background

Based on a search of Court records, in approximately one months' time, Plaintiff has filed thirteen cases in this Court. Six of these cases have been dismissed—two for lack of subject matter jurisdiction[1] and four for lack of proper venue.[2] In addition, the Court is aware that several

---

[1] *See Greene v. Rite Aid – Culver City*, No. 4:25-cv-300-SRW (E.D. Mo.) (filed Mar. 10, 2025; dismissed Mar. 27, 2025); *Greene v. 430 S. Los Angeles St., LLC*, No. 4:25-cv-341-RWS (filed Mar. 19, 2025; dismissed Mar. 31, 2025).

[2] *See Greene v. Weingart Care First Village*, No. 4:25-cv-304-RWS (filed Mar. 11, 2025; dismissed Mar. 31, 2025); *Greene v. Access Servs. Inc.*, No. 4:25-cv-334-SPM (filed Mar. 18, 2025; dismissed Mar. 28, 2025); *Greene v. Weingart Care First Village*, No. 4:25-cv-366-SRW (filed Mar. 22, 2025; dismissed Mar. 31, 2025); *Greene v. LA Care Health Plan*, No. 4:25-cv-413-RHH (filed Mar. 30, 2025; dismissed Mar. 31, 2025).

other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 750 Fed. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada). In January 2024, the United States Court of Federal Claims estimated that Plaintiff had filed more than three hundred cases in federal courts throughout the country. *Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

## The Complaint

Cedric Greene and his spouse, Valerie Stephen, brought this civil action against defendant Weingart Care First Village, described by Plaintiffs as a "interim-housing cite." ECF No. 1 at 2. Although the allegations of the Complaint are difficult to decipher, it appears that Plaintiff Greene was living at Weingart—located in Los Angeles, California—before Plaintiffs went on a trip to western Washington state. Upon returning to California, Plaintiff Greene learned that he had been discharged from Weingart for "being absent from the facility for three consecutive days." *Id.* According to Plaintiff Greene, he had preapproval from two Weingart employees for the trip. Plaintiff Greene seeks monetary damages for this allegedly unfair discharge from housing which resulted in Greene being without shelter for ten consecutive days. *Id.* at 4.

Plaintiff states that he "originally sought" to bring this civil action in the Northern District of Illinois. It appears that the Northern District Court found that it lacked personal jurisdiction over defendant Weingart, and the Seventh Circuit court agreed and issued sanctions, including "instructions to all federal courts in its circuit to return unfiled papers submitted by Greene." *Id.*

Based on the Complaint, Plaintiff is a resident of Los Angeles, California and defendant Weingart Care First Village is located in the same city and state. *Id.* at 1-2. He asks that this

Court accept this case pursuant to federal question jurisdiction, 28 U.S.C. § 1331.  *Id.* at 2 & 4; *see also* ECF No. 1-2.  But Plaintiff does not cite to any federal statutes, federal treaties, or provisions of the United States Constitution in his Complaint.

## Discussion

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court.  Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that he or the Defendant resides within this district.  None of the requirements of § 1391 are present in this case.  Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.  In this case, the Court finds that the interests of justice do not demand transfer.  Plaintiff Cedric Greene is a vexatious filer, having filed hundreds of cases in courts across the country in complete disregard of court orders and sanctions.  *See Greene v. St. Nicholas Med. Grp.*, No. 24-3268 (7th Cir.) (issuing Feb. 21, 2025, order that barred Plaintiff Greene from filing any papers with any district court in the circuit until he pays a monetary sanction).  As such, this action will be dismissed for lack of

3

proper venue.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice for lack of proper venue**.   *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 8th day of April, 2025.

                                              STEPHEN N. LIMBAUGH, JR.
                                              SENIOR UNITED STATES DISTRICT JUDGE